UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF STATE AND COMMUNITY CORRECTIONS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00687 SKO (PC)<br><br>**ORDER DENYING MOTION FOR SUBPOENAS** (Doc. 10)<br><br>**ORDER DENYING MOTION FOR COURT ORDER** (Doc. 11)<br><br>**ORDER DENYING MOTION FOR SCHEDULING ORDER AND ENTRY OF EXHIBITS** (Doc. 12) |

Plaintiff Nathaniel Dwayne Caetano is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff initiated this action on June 7, 2022, by filing his original complaint together with an application to proceed *in forma pauperis*. (Docs. 1 & 2.)

The Court issued its First Informational Order In Prisoner/Civil Detainee Civil Rights Case on June 7, 2022. (Doc. 4.) On June 9, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. 7.)

On June 27, 2022, Plaintiff filed a first amended complaint. (Doc. 9.)

On August 15, 2022, Plaintiff filed a documents docketed as a Motion for Subpoena (Doc. 10) and a separate filing docketed as a Motion for Court Order (Doc. 11).

On September 6, 2022, Plaintiff filed a document titled "Demand for Scheduling Order, Added Claim and Entry of Exhibit 'E' into Record, Demand for Scheduling Order, Entry of Exhibits F, G. H, I, J, K into Case Record." (Doc. 12.)

For the reasons explained below, Plaintiff's motions will be denied.

## II.   DISCUSSION

### A.  Motion for Subpoenas (Doc. 10)

On August 15, 2022, Plaintiff filed a Civil Subpoena Duces Tecum and accompanying documents, seeking "video evidence" from body cameras worn by institutional staff at California State Prison, Corcoran for a variety of dates, and the production of various records maintained by the institution or the California Department of Corrections and Rehabilitation. (Doc. 10.) Plaintiff appears to have personally served Theresa Cisneros with the subpoena and its attachments on August 10, 2022. (*See* Doc. 10 at 3 [Proof of Service].)

As an initial matter, Plaintiff was advised in this Court's First Informational Order, issued June 7, 2022, a "pro se plaintiff may not proceed with legal action against a governmental agency or individual in this Court *until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants*." (Doc. 4 at 3:20-22, emphasis added.) The Court has not yet screened Plaintiff's complaint as required by 28 U.S.C. § 1915A(a). Until the Court has completed screening, Plaintiff "may not proceed with legal action," meaning Plaintiff may not commence discovery or seek the issuance of subpoenas. This Court is one of the busiest district courts in the nation. As also noted in the First Informational Order, "the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (Doc. 4 at 3:25-26.)

The discovery process will commence only after the Court has screened Plaintiff's complaint and has found it states a cognizable claim or claims against the named Defendants, *and* after Defendants have been served with an operative complaint and filed a responsive pleading. (*See* Doc. 4 at 4 [First Informational Order, sections "IV. Service of Documents" & "V. Discovery.") Because the Court has not yet screened Plaintiff's first amended complaint, and no defendant has been served with or responded to any operative complaint in this action, Plaintiff's

motion for subpoenas is premature.

## B. Motion for Court Order (Doc. 11)

While docketed as a "Motion for Court Order," Plaintiff's filing includes the phrase "Special Appearance" on the first page, followed by a list of 14 names of entities or individuals. (Doc. 11 at 1.) The heading on the second page reads:

> BRIEF IN SUPPORT OF Fed.R.Civ.P 60(a)(b)-MOTION TO STRIKE AND CORRECT THE RECORD and BRIEF IN SUPPORT OF Fed.R.Civ.P. PERPETUATION OF TESTIMONY, FRCP 18 JOINDER OF CLAIMS, FRCP 19 REQUIRED JOINDER OF PARTIES, A Common Law Action brought under Article III of the Constitution for the United States Trial by Jury Pursuant to the 7th Article of the Bill of Rights Endorsed Hereon.

(Doc. 11 at 2.) In the 35 plus pages that follow, Plaintiff includes arguments regarding the "American Flag of Peace," or "gold-fringed flag (*id*. at 2-3), references an "attached Truth Affidavit" concerning a "Title of Registered Ownership and Registered Security number" purportedly exempting Plaintiff from tax and levy (*id*. at 3-4), a "Plain Statement of the Facts" (*id*. at 4-7), a Verification and Proof of Service by Mail (*id*. at 8), followed by further narrative concerning an action pending in the Kings County Superior Court (*id*. at 9-13), another "Truth Affidavit" (*id* at 14-18), "Exhibit 'D'" (*id* at. 19-20) and "Exhibit 'E'" (*id*. at 21-35), and yet another "Truth Affidavit" followed by the phrase "In the Nature of Supplemental Rules for Administrative and Maritime Claims Rules C(6)" (*id*. at 36-38).

Although it is far from clear based upon this filing, to the extent Plaintiff seeks an order from this Court in response, the request will be denied. As explained above, this Court is required to screen Plaintiff's complaint before the action proceeds. *See* 28 U.S.C. § 1915A(a). Until screening has been conducted and completed, and until any named defendant is served with and has responded to any operative complaint, this litigation will not proceed.

Plaintiff is also advised that this Court will not serve as a repository for Plaintiff's evidence. (*See* Doc. 4 at 3:8-13 [First Informational Order, II. J. "The Court will not serve as a repository for evidence. …].) Evidence should not be submitted to the Court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court. Further, if

and when this action reaches an appropriate stage in the litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to this filing or motion as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to premature motions is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations. Plaintiff is cautioned that improperly sending evidence to the Court may result in the evidence being lost or destroyed. The Court will not return the exhibits to Plaintiff unless Plaintiff provides a postage paid return envelope. *See* Local Rule 101.

### C. Motion for Scheduling Order and Entry of Exhibits (Doc. 12)

In this motion filed September 6, 2022, Plaintiff moves for a scheduling order and for the entry of exhibits. (Doc. 12.) The filing consists of a total of 161 pages. It makes reference to sovereign citizen ideology[1] and, to the degree the filing can be understood to seek an order to this Court, it is premature.

Again, this Court is required to screen Plaintiff's complaint before the action proceeds. *See* 28 U.S.C. § 1915A(a). Until screening has been conducted and completed, and until any named defendant is served with and has responded to any operative complaint, this litigation will not proceed. A discovery and scheduling order will issue only after screening, service of an operative complaint, and filing of answers by the named Defendants. (*See* Doc. 4 at 4-5 [First Informational Order, V. Discovery].)

### CONCLUSION AND ORDER

Plaintiff is advised that until his first amended complaint is screened by the Court as required by 28 U.S.C. § 1915A(a), motions seeking the issuance of subpoenas or discovery are improper and premature. Moreover, as explained in the First Informational Order issued June 7,

---

[1] Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patrol*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology).

Courts across the country have uniformly rejected arguments based in sovereign citizen ideology as "frivolous, irrational, or unintelligible." *Bland v. Warden*, Case No. 2:21-cv-00518 TLN DB P, 2022 WL 1597730, at *2 (E.D. Cal. May 19, 2022), citing *Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (citing cases collected in *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012)). The Ninth Circuit Court of Appeals has specifically identified such arguments as "utterly meritless." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

4

2022, discovery is conducted between the parties to the action and does not involve the Court unless a party files a motion to compel. (*See* Doc. 4 at 4-5 [First Informational Order, V. Discovery].) Finally, Plaintiff is further advised the undersigned carries a heavy prisoner civil rights case docket and there are dozens of such cases pending screening. Plaintiff's first amended complaint will be screened in due course.

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's August 15, 2022 filing docketed as a Motion for Subpoenas (Doc. 10) is DENIED;
2. Plaintiff's August 15, 2022 filing docketed as a Motion for Court Order (Doc. 11) is DENIED; and
3. Plaintiff's September 6, 2022 filing docketed as a Motion for Scheduling Order and Entry of Exhibits is DENIED.

IT IS SO ORDERED.

Dated:   **October 3, 2022**              /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE