UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF STATE AND COMMUNITY CORRECTIONS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00687 SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF**<br><br>(Doc. 9)<br><br>Clerk of the Court to Assign District Judge<br><br>**14-DAY DEADLINE** |

Plaintiff Nathaniel Dwayne Caetano is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I.       RELEVANT BACKGROUND

Plaintiff filed his original complaint on June 7, 2022.[1] (Doc. 1.)  On June 27, 2022, Plaintiff filed a first amended complaint. (Doc. 9.)

On October 3, 2022, the Court issued its Order Denying Motion for Subpoenas, Order Denying Motion for Court Order, and Order Denying Motion for Scheduling Order and Entry of Exhibits. (Doc. 13.)

---

[1] Plaintiff's original complaint named the Board of State and Community Corrections, Richard Presley Center of Crime and Justice Studies, Theresa Cisneros, N. Soboleski, and County of Kings or Kings County Superior Court, as defendants. (*See* Doc. 1 at 1-2.) Before the Court had screened the original complaint, Plaintiff filed his first amended complaint.

1

## II.    SCREENING REQUIREMENT

2        The Court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

4 The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

5 fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

6 who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

7 it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

8 theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9

## III.    PLEADING REQUIREMENTS

10

### A.  Federal Rule of Civil Procedure 8(a)

11        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

12 exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain

13 "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R.

14 Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

15 plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

16 quotation marks & citation omitted).

17        Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

18 cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

19 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

20 set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

21 *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal

22 conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

23        The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

24 any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

25 liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

26 theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

27 of a civil rights complaint may not supply essential elements of the claim that were not initially

28 pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

## B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV.   DISCUSSION

### A.  Plaintiff's First Amended Complaint

Plaintiff names the following individuals or entities as Defendants:

Theresa Cisneros, Warden, Substance Abuse Treatment Facility

County of Kings

Nocona Soboleski, Kings County Court Executive

Mona Chavarria, Kings County Deputy Clerk

Kings County Board of Supervisors

Internal Revenue Service

Charles P. Rettig, Commissioner, Internal Revenue Service

4

General Service Administrative

Commissioner, Director or Secretary, General Service Administration

Securities and Exchange Commission

Five Appointed Commissioners, Securities and Exchange Commission

(Doc. 9 at 2.)

Plaintiff's first amended complaint presents a total of eight claims. Plaintiff has provided separate supporting facts as to each claim. The Court will address each claim in order, summarizing the facts relevant to that claim in its analysis.

### B.  Plaintiff's Claims

#### Claim One

In his first claim for relief, Plaintiff alleges violations of the Fourth, Fifth and Fourteenth Amendments, noting a "seizure of 'effects' and 'Mail Fraud' because it was commercially mailed." (Doc. 9 at 5.)

*The Facts Alleged*

Plaintiff contends his quarterly "Access Secure Pak" package was ordered on December 28, 2021, and shipped to him the following day. (Doc. 9 at 5.) The package contained "18 food items." (*Id.*) On January 7, 2022, Plaintiff contends "C/O Williams" attempted to deliver a package "as a 'CD player' and it wasn't a food package.'" (*Id.*) Plaintiff asserts that "on the back of the receipt it is written the order form and box will be returned." (*Id.*) Plaintiff states his mother called Access and an investigation was opened. (*Id.*) Plaintiff contends Defendant Cisneros "and her delegated authority agents" told Access that Plaintiff has received the package and the investigation was closed. (*Id.*) Access then refused "to refund the money." (*Id.*)

Plaintiff filed a grievance/appeal that was denied by Cisneros and later by Howard E. Moseley, Associate Director at the Office of Appeals in Sacramento. (*Id.*) Plaintiff asserts the "documentary paper evidence and shipping manifest prove CSATF Cisneros and her agents signed for a commercial property, article of mail in [Plaintiff's] name, never delivered it, never

5

returned it and lie[d] to Access reporting that [he] received it. Federally, this qualifies as mail fraud." (*Id.*) Plaintiff contends "they are all conspiring against" him, asserting that "yesterday 15 June 2022" he received a letter from the Kings County Board of Supervisors "on this same issue," denying his claim filed February 18, 2022, citing to 18 U.S.C. § 241 and § 242. (*Id.*) Plaintiff reports he "filed last month for the third time because Mona Chavarria, deputy clerk kept returning" his civil complaint for minor items. (*Id.* at 5-6.) Plaintiff contends he "finally filed everything proper," and states "this package was to be delivered on 7 Jan. 2022 and that date is the official date of registration of my CA Certification of Live Birth by Kings County, 7 Jan. 1981." (*Id.* at 6.)

Plaintiff next contends "there is no way the Warden, the Associate Director in Sacramento and the County of Kings Board of Supervisors can deny that CSATF signed for the package … C/O Williams said he was returning the package on camera, signed such on the reverse of the receipt," but Plaintiff did not receive it. (*Id.*) Plaintiff contends "a simple call to the CSATF warehouse will prove no package was ever returned therefore Cisneros, CSATF, CDCR, CA State, Co. Kings are all guilty of lying, denying the truth and collectively conspiring against" him. (*Id.*) Finally, Plaintiff asserts that on June 13, 2022, he was "moved and whoever 'inventoried' [his] property robbed" him of his 13-inch television, six-foot extension cord, and 8-inch fan, worth a total of $240. (*Id.*) Plaintiff reports his injuries are the loss of the Access package worth $88, and humiliation, embarrassment and emotional injuries. (*Id.*) He seeks actual and compensatory damages, "peculiar value damages" and "punitive damages of 'pain and suffering' because how is it really possible so many people who are supposed to be qualified professionals can break the Oaths of Office and Intentionally and Voluntarily deny the Truth that is written on paper and simply shipping manifest prove." (*Id.*)

### The Legal Standards and Analysis

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property is actionable under the Due Process

Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, neither a negligent nor an unauthorized intentional deprivation of property by a state employee "constitute[s] a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). California provides an adequate post-deprivation remedy for an unauthorized intentional deprivation of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Govt. Code, §§ 810-895).

To the extent Plaintiff's claim cites to the Fourth Amendment, this claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. *See Hudson*, 468 U.S. at 536. "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." *Id*.

Plaintiff alleges SATF prison officials intentionally failed to deliver ("never delivered, never returned") his quarterly food package. These facts allege a negligent or unauthorized deprivation of his property. Because the deprivation of Plaintiff's property is a negligent or unauthorized intentional deprivation and California provides an adequate post-deprivation remedy, Plaintiff cannot state an actionable due process claim. Granting Plaintiff leave to amend this claim would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

Additionally, in the factual allegations supporting this claim, Plaintiff references an attempt to file a civil complaint with the Kings County Superior Court and Defendant Deputy Clerk Chavarria. He refers to the Kings County Board of Supervisors and claims he has filed with

1   that agency.

2       Plaintiff is advised Federal Rule of Civil Procedure 18(a) allows a party asserting a claim

3   for relief as an original claim, counterclaim, cross-claim, or third-party claim, to join, either as

4   independent or as alternate claims, numerous claims against an opposing party.  However, a party

5   may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a),

6   20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605,

7   607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the

8   claims arise out of the same transaction or occurrence, or series of transactions and occurrences,

9   and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*,

10  130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*,

11  623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a)

12  will the Court review the additional claims to determine if they may be joined under Rule 18(a),

13  which permits the joinder of multiple claims against the same party. The Court must be able to

14  discern a relationship between Plaintiff's claims or there must be a similarity of parties; here, it is

15  not clear how Chavarria, the deputy clerk at the Kings County court and the Board of Supervisors

16  are related for purposes of Plaintiff's claim. To the extent Plaintiff alleges an access to courts

17  claim, that claim is addressed separately below.

18      Plaintiff next refers to 18 U.S.C. § 241 and § 242 which are both are federal criminal

19  statutes. Neither statute provides a private right of action to sue defendants civilly for violating

20  sections 241 and 242. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)

21  (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

22      Finally, to the extent Plaintiff alleges a conspiracy ("they all are conspiring against me"),

23  Plaintiff is advised that to state a claim for conspiracy under section 1983, he must show the

24  existence of an agreement or a meeting of the minds to violate his constitutional rights, and an

25  actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.

26  2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). Plaintiff has not shown the existence

27  of an agreement or a meeting of the minds, or established an actual deprivation of his

28  constitutional rights. Conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678.

In sum, Plaintiff first cause of action fails to state a cognizable claim against any named Defendant.

**Claim Two**

Plaintiff's second cause of action is titled "Amend. V and XIV Due Process and ultimately Life, Liberty and Freedom, U.S. Const., Article I, Sec. 9, clause 2." (Doc. 9 at 7.) Plaintiff indicates the issue involved is "Access to the Courts." (*Id.*)

*The Facts Alleged*

Plaintiff contends he mailed a writ of habeas corpus ad subjiciendum to the Kings County Superior Court on April 25, 2022. (Doc. 9 at 7.) He included a fee waiver request and a certified trust account statement receipt. (*Id.*) He filed the petition because he believes "the County of Kings and CSATF are collectively conspiring together." (*Id.*) He contends prison officials "held this legal mail envelope for a week because it was post-marked 02 May 2022." (*Id.*) Plaintiff states that on May 4, 2022, Defendant Chavarria filed the writ "and actually photocopied the front of the envelope when clerks are trained on the Mailbox Rule." (*Id.*) Plaintiff contends Chavarria misfiled the writ and photocopied "the wrong side of the envelope" and that "her actions were intentional and actually Title LXX-Crimes-CH. 4-Crimes Against Justice-Sec. 5403, 5407, 5408." (*Id.*) Plaintiff contends Chavarria "attempted to defeat the course of justice by photocopying the face/wrong-side of the envelope then destroying the envelope." (*Id.*) Plaintiff asserts that the certified trust statement that accompanied his writ was dated April 25, 2022, inferring the writ was mailed that same date. (*Id.*) Plaintiff contends "Habeas Corpus is written as a Constitutional Right, federally. Thus 28 U.S.C. § 2243 (8) eight day; 192 hours; 11,520 minutes is all that a Court has to resolve a Habeas Corpus. The Court has to have good cause not to. Not 1 good cause to have it awarded." (*Id.*)

Plaintiff next asserts fraud pursuant to California Penal Code section "1473(b)(2) 'false physical evidence.'" (*Id.*) Plaintiff states that "is the ground [he] brought 22W-0085A based upon a CIA front company out of Hawai'i named ISA-Intelligent Solutions Advisory-47 page report 9409 on the inadmissibility of PCR DNA evidence because it is 'synthetic remanufactured' evidence clearly § 1473(b)(2) 'false physical evidence.'" (*Id.*) Plaintiff further states he requested

admission to bail pursuant to California Penal Code section 1476. (*Id.*) Plaintiff contends that section requires the court or judge authorized to grant the writ to "endorse upon the petition the <u>hour</u> and <u>date</u> of its presentation and the <u>hour</u> and <u>date</u> of the granting…." (*Id.* at 8, emphasis in original.) Because Defendant Chavarria "simply 'stamped' judge Michael J. Reinharts name upon the petition and then herself printed a 'form letter' saying the docket was full and it would be answered in 60 days," Plaintiff contends this amounts to "massive fraud." (*Id.*) Plaintiff also asserts "per House Joint Resolution 192 and Public Law 73-10 forbidding an 'obligation' to be made by an oblige (Kings Superior Court) in dollars or U.S. coin or currency thus an Own Recognizance Release on top of that I have STANDARD FORM 28-AFFIDAVIT OF INDIVIDUAL SURETY ready to be presented listing the "Registered Security' '104 803 4302' My CERTIFICATION OF VITAL RECORD #[104-80-34302] 7-1600-1721 as the 'collateral' with its Bond CVSIP No. 315805382 as insurance that I will appear in court until 22W-0085A officially is Awarded REVERSING the 09CM3557 Judgment." (*Id.*) Plaintiff contends his injuries include the fact that "per 28 USC § 2243 a 'state' law cannot be more prohibitive than [his] federal Right," and the delay or fraud in the Kings County Superior Court habeas proceeding means he is "being incarcerated against the law" and is entitled to "bail immediately." (*Id.*) As to this second claim, Plaintiff seeks relief in the form of (1) "The 'Robbery Ashore' 18 USC § 1661 and Citizens as Pirates 18 USC § 1652 of My Access Package," a jury trial, "$13,511 USD, court costs and Attorney Fees;" (2) reversal and judgment in his favor in the Kings County Superior Court matter and that he be "rescued and liberated/ransomed from CDCR CA state custody;" (3) an "IRS refund [of his] hard earned wages/property of $7,163.92 they withheld in 2008;" and (4) "official USA government acknowledgement [he owns] CA-Cert. of Vital Record #104-80-343027-1600-1721, Registered Security '104 803 4302' and Bond CVSIP No. '315805382'!!!" (*Id.* at 9.)

*The Legal Standards and Analysis*

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from

10

the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations & citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds*, Hust v. Phillips*, 555 U.S. 1150 (2009)).

Plaintiff's allegations do not amount to either a forward-looking claim (a litigating opportunity yet to be gained), or a backward-looking claim (the loss of a meritorious suit that cannot now be tried) because his allegations indicate his habeas corpus petition was ultimately filed with the Kings County Superior Court.  It also appears the matter was pending resolution when he filed his first amended complaint in this Court.

Plaintiff's specific allegations regarding application of the mailbox rule, delayed resolution and fraud, do not state a cognizable access to courts claim. *See Lewis*, 518 U.S. at 354 ("[T]he injury requirement is not satisfied by just any type of frustrated legal claim").

Apart from the deficiencies noted above, as referenced in the discussion regarding claim one, the Court must be able to discern a relationship between Plaintiff's claims, or there must be a similarity of parties. Fed. R. Civ. P. 18 & 20. Here, there does not appear to be a relationship between Plaintiff's due process claim, arising from an unauthorized deprivation of property in the

form of a quarterly food package, and his access to courts claim. The first claim and the second claim do not arise out of the same transaction or occurrence, or series of transactions and occurrences, and there are no commons questions of law or fact. Such claims are not properly joined in a single suit. *See Coughlin*, 130 F.3d at 1351.

In sum, the Court finds Plaintiff has not stated a cognizable access to courts claim against any named Defendant. For the reasons stated above, granting Plaintiff leave to amend would be futile. *Hartmann*, 707 F.3d at 1130.

## **Claim Three**

Plaintiff third cause of action is titled "Amend. V and XIV and 18 USC § 241 and § 242 – different punishments, pains or penalties." (Doc. 9 at 10.) Plaintiff identifies the issue involved as "Other. Credit/time earning." (*Id*.)

### *The Facts Alleged*

Plaintiff asserts the sentencing minute order dated June 16, 2011, in case number 09CM3557 "specifically states the word 'days' in terms of credits earned. The sentence was for 15 years." (Doc. 9 at 10.) Plaintiff contends that "night" is different "by law and statute" than the twelve hours in a day. (*Id*.) He concludes that because he is not "being released at night [he's] been serving 12 hours during the day and 12 hours during the night," he "deserve[s] to have the 12.5 years worth of 12 hour nights added to [his] 'credit.'" (*Id*.) Plaintiff asserts he has "served over 25 years plus in 12 hour days," and contends his injury is having "served the entire term of sentenced incarceration and should be free on this ground too, as well as also." (*Id*.)

### *The Legal Standards and Analysis*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the

12

1  level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

2  available to contradict them." *Id*. at 33.

3         The Court finds Plaintiff's contention that he should be credited additional time against

4  his sentence because the word "days" employed in a minute order concerning his underlying

5  conviction should not involve evening or "night" hours, is clearly baseless.  *See, e.g.*, *Young v.*

6  *Hoestenbach*, No. 2"17-cv-1744-GEB CKD P, 2017 WL 8793229, at *2 (E.D. Cal. Oct. 27,

7  2017) (recommending dismissal wherein plaintiff claimed his habeas petition was granted the day

8  after he filed it, but the docketing clerk failed to docket the order and instead sent it to the warden

9  who refused to adhere to the order to release plaintiff from custody; "such allegations are 'clearly

10  baseless' and any claims predicated on plaintiff's allegations are not 'facially plausible'")

11  (adopted Nov. 13, 2017, 2017 WL 8792682); *see also Morris v. Rogers Dairy Farms*, No. CV

12  621-054, 2021 WL 4618400, at *1 (S.D. Geo. Sept. 10, 2021) (inmate's "claims are clearly

13  baseless, fanciful, delusional, frivolous and fail to state a claim. For example, Plaintiff alleges the

14  cows from Rogers Dairy Farm are the primary source of milk for the Georgia prison system, and

15  all of them are diseased. This allegation, as with the rest of the complaint, is frivolous and should

16  be dismissed"); *El v. Louisiana State*, No. 16-2125 c/w 17-3061, 2018 WL 999882, at *4 (E.D.

17  La. Feb. 21, 2018) ("Here, the Court finds that Plaintiff's claims against the State of Louisiana are

18  frivolous and must be dismissed. The alleged facts in this matter show that Plaintiff's claims are

19  clearly baseless and have no merit. Plaintiff appears to request that this Court void the state court

20  proceedings against him because his "Moslem Moorish American nationality" makes him

21  immune from suit. … The fact that Plaintiff claims he is "Moslem Moorish American" does not

22  permit him to ignore or be immune from the laws of the state and federal government.")

23         Moreover, when a state prisoner challenges the legality of his custody and the relief he

24  seeks is the determination of his entitlement to an earlier or immediate release, his sole federal

25  remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff

26  cannot obtain release in a section 1983 action. Further, the Court will not convert Plaintiff's

27  section 1983 complaint to a petition for writ of habeas corpus under 28 U.S.C. § 2254 as such

28  conversion would be pointless.

1    In sum, the Court finds that Plaintiff's claim is frivolous, does not state a cognizable

2    claim, and cannot be brought in a section 1983 action. Thus, amendment would be futile. *See*

3    *Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is,

4    by definition, no merit to the underlying action and so no reason to grant leave to amend").

5                                              **Claim Four**

6    Plaintiff fourth cause of action is titled "The USA Const. Amend. V and XIV Due

7    Process, Life, Liberty and Happiness Pursuit." (Doc. 9 at 11.) Plaintiff identifies the issue

8    involved as "Other. Not adhereing [sic] to Prop. 57 and California Constitution, Article I, Section

9    32." (*Id.*)

10                                      *The Facts Alleged*

11   Plaintiff states his commitment offense, in case number "09CM3557 is second degree

12   murder." (Doc. 9 at 11.) He contends "that according to CA Jury instructions 580, 640 and 641

13   'All degrees of homicide' and under CA Penal Code § 192 that manslaughter particularly

14   involuntary manslaughter is under Article I, Sec. 32 the primary offense of 2nd degree murder. 2nd

15   degree murder is actually an 'enhancement and alternative sentence' based upon the proving of

16   elements." (*Id.*) Plaintiff further contends that the language of California Proposition 57 requires

17   he "have a BPH hearing after serving four years as thats [sic] the full term of the primary offense.

18   Involuntary manslaughter is the primary offense of any murder conviction." (*Id.*) Plaintiff asserts

19   "Due Process violations of incarcerating" him violates his right to freedom. (*Id.*)

20                               *The Legal Standards and Analysis*

21   Plaintiff's fourth claim seeks his early release from state custody. As noted above, when a

22   state prisoner challenges the legality of his custody and the relief he seeks is the determination of

23   his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas

24   corpus. *Preiser*, 411 U.S. at 500. Plaintiff cannot obtain a release from prison in a section 1983

25   action, and the Court will not convert his section 1983 complaint to a petition for writ of habeas

26   corpus under 28 U.S.C. § 2254, as such conversion would be pointless. Plaintiff's allegation that

27   involuntary manslaughter "is the primary offense of any murder conviction," entitling him to a

28   parole hearing immediately, is also clearly baseless. *Denton*, 504 U.S. at 32-33.

Plaintiff's fourth claim for relief fails to state a cognizable claim against any named Defendant and is clearly baseless. Granting Plaintiff leave to amend would be futile. *Hartmann*, 707 F.3d at 1130; *Lopez*, 203 F.3d at 1127 n.8.

### **Claim Five**

Plaintiff's fifth cause of action is titled "U.S. Const., Amend. V, XIV, Due Process, Amend IV and IV, Right to property unreasonable seizure of papers and effects, and USA Const., Article I, Section 8, clause 8." (Doc. 9 at 12.) Plaintiff identifies the issue involved as "Property." (*Id.*)

*The Facts Alleged*

The facts and injury pertaining to this claim are quoted in their entirety:

> This claim V has to do with the fact the IRS first is refusing to provide to me a copy of my complete individual master file and business master file transcript and decoding book. I believe my status as an "inmate" is why they are unlawfully ignoring me.
>
> And I am asking you right here right now Ms. Sheila Oberto, Your Honor is it possible to sue, under 42 USC § 1983 under my XIV Amend. civil right to my property, Fidelity Life Insurance Company for my bond CVSIP No. 315805382?
>
> As I state in the following pages the "Bill of Lading" as defined in the "Carraige [sic] of Goods Sea Act" the CA Certification of Vital Record #104-80-343027-1600-1721 is the "Title" to my human body defined under 18 USC § 9 as a "vessel" and this "Title" is the Registered Security "104 803 4302" from the first 10 digits of my CLB#. I've already sued all of them in your E.D. Cal. in civil complaints requesting jury trials as I have all my notarized legal documents and UCC-1 Financing Statement as Secured Party Creditor so I'm ready for a speedy trial. I here claim my civil right to my property is being infringed and I request my property bond CVSIP# 315805382 ownership be turned over to me.
>
> It is the energy, res, actuity [sic] of my life that put the "value" into the bond CVSIP No. 315805382 and thereby is my rightful property and I want it declared so.

(Doc. 9 at 12; use of capitalization modified.)

*The Legal Standards and Analysis*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-28. The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual

1    contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Here, Plaintiff's claim is based upon a

2    meritless legal theory.

3         Plaintiff's allegations are based on a sovereign citizen ideology. The Ninth Circuit Court

4    of Appeals has rejected arguments premised on the sovereign citizen ideology as utterly meritless.

5    *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). This Court has done so as

6    well. *See, e.g.*, *Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at

7    *1 (E.D. Cal. June 14, 2016). And "[c]ourts across the country have uniformly rejected

8    arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *See*

9    *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012); *see*

10   *also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report

11   and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and

12   stating that legal theories espoused by sovereign citizens have been consistently rejected as

13   "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by

14   hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5

15   (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to

16   the so-called sovereign citizen movement" is nothing more than a nullity); *Zahir v. Mountcastle*,

17   No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. Mar. 25, 2021) ("other than irrelevant

18   statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for

19   money damages. Legal sounding but meaningless verbiage is nothing more than a nullity").

20        Plaintiff's fifth claim for relief is frivolous and lacks an arguable basis in law, and

21   amendment would be futile. *Lopez*, 203 F.3d at 1127 n.8.

22                              **<u>Claim Six</u>**

23        Plaintiff's sixth cause of action is titled "U.S. Const., Amend. V 'No person shall be held

24   to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a

25   grand jury …'" (Doc. 9 at 13.) Plaintiff identifies the issue involved as "Retaliation." (*Id.*)

26                              *The Facts Alleged*

27        The Court again quotes the facts and injury pertaining to this claim in their entirety:

28        The fact is 2nd degree murder is defined as a capital crime and

                              16

according to the USA Const., Amend. V a grand jury indictment is required in order to hold one to answer for a capital crime. There is no grant jury indictment in 09CM3557.

1. Norton vs. Shelby County, 118 U.S. 425, p. 442 "An unconstitutional act is not law."

2. 16 Am Jur 2d, Sec. 177, late 2d, sec 256 "an unconstitutional statute, though having the form and name of law, is in reality no law, …"

3. "All laws which are repugnant to the Constitution are null and void."

- Chief Justice Marshall, <u>Marbury v. Madison</u>, 5 U.S. (1 Cranch) 137, 174, 176 (1803)

- Bryars vs. U.S., 273 U.S. 28; - <u>Boyd vs. U.S.</u>, 116 U.S. 616

I'm being injured because in reality Kings County Superior Court is a Kangaroo Court. The CA Secretary of State doesn't even have a charter for the "COUNTY OF KINGS." And according to the USA Constitution I never could have been held to answer more less plea, be sentenced nor judgment pronounced. Its all a farce and sham and pursuant to Marbury the 09CM3557 judgment is null and void. It shall further be stated there are NO limited placed upon Writs of Habeas Corpus in the USA Constitution therefore AEDPA violates Marbury, null and void.

(Doc. 9 at 13.)

*The Legal Standards and Analysis*

Plaintiff's sixth claim seeks his early release from state custody because his conviction resulting in his incarceration did not follow a grand jury indictment. As noted above, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. Plaintiff cannot obtain a release from prison in a section 1983 action. Nor will the Court convert Plaintiff's section 1983 complaint to a petition for writ of habeas corpus under 28 U.S.C. § 2254 as such conversion would be pointless. Plaintiff's claim is again clearly baseless. *Denton*, 504 U.S. at 32-33.

Plaintiff's sixth claim for relief fails to state any cognizable section 1983 claim against any named Defendant and is frivolous. Granting Plaintiff leave to amend would be futile. *Hartmann*, 707 F.3d at 1130; *Lopez*, 203 F.3d at 1127 n.8.

17

1

**Claim Seven**

2          Plaintiff's seventh cause of action is titled "18 USC § 241; 18 USC § 242, My honestly

3    My Honorable Oberto Article III, Section 3 Treason. Article I, Sec. 8 'general welfare.' Article I,

4    Sec. 8, clause 6 "counterfeiting of securities and current coin of the U.S., Article I, Sec. 8, clause

5    10 'To define and punish piracies and felonies committed on the high seas.'" (Doc. 9 at 14.)

6    Plaintiff identifies the issue involved as "Threat to Safety." (*Id*.)

7                                *The Facts Alleged*

8          The supporting facts for this claim span four handwritten pages. The allegations are often

9    rambling and nonsensical and will not be quoted or comprehensively summarized. For example,

10   while referencing the quarterly package that is the subject of Plaintiff's first claim for relief,

11   Plaintiff reasserts a conspiracy or "orchestrated 'theft.'" (Doc. 8 at 14.) Plaintiff also states, "the

12   Superior Court, County of Kings that 'esoterically' is the 'District of Tens' written at Exodus

13   18:21 and my Certification of Vital Record, the day, time, place makes me Deuteronomy's 18:15

14   Prophet and Revelation/Apocalypse's 17:11 'Beast' that is 'of many colors' meaning 'times'

15   where being the eighth yet one of the seven is the 45º Greenfied [sic] Ave 'Address' of Hanford

16   Community Hospital. 45º x 8 + 360º. The 12-23-80 birthdate is 1+2=2+3+35 President. Sanskrit

17   word Prasadat means Creator therefore Article III Section 3 treason for all the crimes being done

18   to me." (*Id*.) As part of these factual allegations, Plaintiff references verbal threats made by other

19   inmates in the weeks prior to his having filed the instant complaint (*id*. at 15, 17), states his father

20   "was Saddam Hussein" (*id*. at 15), makes incomprehensible assertions concerning the definition

21   of theft (*id*.), states "Kings Co. is Iraq" (*id*. at 16), and references "Queen Elizabeth," contending

22   the "Jubilee" could not have aired live on television because "[we're] 14 hours ahead in time" (*id*.

23   at 17).

24                          *The Legal Standards and Analysis*

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   *Neitzke*, 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-28. The court may, therefore, dismiss a

27   claim as frivolous when it is based on an indisputably meritless legal theory or where the factual

28   contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Clearly baseless factual allegations

1    include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33.

2    Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the

3    level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

4    available to contradict them." *Id*. at 33.

5          A review of Plaintiff's claim reveals that it is clearly baseless, fanciful, fantastic and

6    delusional. In sum, Plaintiff has failed to state a cognizable section 1983 claim against any named

7    Defendant and amendment would be futile. *Lopez*, 203 F.3d at 1127 n.8.

8                              **<u>Claim Eight</u>**

9          Plaintiff's eighth cause of action is titled "First USA Const., Amend. 5 and 14 (V & XIV)

10   of Life, Liberty and Property. 'No state shall make or enforce any law which shall abridge the

11   privileges and immunities of citizens of the U.S.' 'Equal Protection of the Laws.' ADA Right to

12   adequate medical care and a choice of medical care. I cannot be discriminated against because of

13   financial ability. Equal Protection 14th Amend. Right." (Doc. 9 at 18.) Plaintiff identifies the issue

14   involved as "Medical Care." (*Id*.)

15                              *The Facts Alleged*

16         Plaintiff contends he requested medical care in August of 2021, "and the malicious doctor

17   laughed at" him. (Doc. 9 at 18.) He contends he needs to be prescribed Adderall for his ADHD.

18   (*Id*.) Plaintiff asserts "CDCR is 'ordered' to provide a 'standard' form response about prescribing

19   Adderall," but the doctor did not do so. (*Id*.) Plaintiff contends that being in prison "does not

20   cure" his ADHD "and sure and the hell does NOT improve" his focus and concentration. (*Id*.)

21   Plaintiff contends that until he receives his "315805382 Bond and its $43.7 million dollars," he is

22   "unable to pay yet 14th Amend. Equal Protection preserves" his right. (*Id*.) Plaintiff asks the Court

23   for "a Court order and fees" to be paid by the State of California to pay for a private physician

24   "who will opine the prescribing of Adderall" for his "ADHD need," contending the Constitution

25   requires it. (*Id*.) Plaintiff states he "just need to be released and visit Ms. Girardin and see about a

26   family." (*Id*.) Finally, in reference to his injury or the harm associated with this claim, Plaintiff

27   contends his "focus and concentration and overall well being requires Adderall [be] prescribed."

28   (*Id*.)

1          *The Legal Standards and Analysis*

2          The Court construes Plaintiff's eighth cause of action to assert an Eighth Amendment

3   deliberate indifference to serious medical needs claim.

4          Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

5   prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need

6   is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton

7   infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v.*

8   *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059

9   (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

10  Cir. 1997) (en banc)).

11         To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

12  first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

13  could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

14  the plaintiff must show the defendants' response to the need was deliberately indifferent."

15  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096

16  (quotation marks omitted)).

17         As to the first prong, indications of a serious medical need "include the existence of an

18  injury that a reasonable doctor or patient would find important and worthy of comment or

19  treatment; the presence of a medical condition that significantly affects an individual's daily

20  activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060,

21  1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at

22  1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs

23  include '[t]he existence of an injury that a reasonable doctor or patient would find important and

24  worthy of comment or treatment; the presence of a medical condition that significantly affects an

25  individual's daily activities; or the existence of chronic and substantial pain").

26         As to the second prong, deliberate indifference is "a state of mind more blameworthy than

27  negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or

28  safety.'" *Farmer*, 511 U.S. at 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate

indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

Here, Plaintiff has failed to state a plausible deliberate indifference claim against any named Defendant. First, Plaintiff fails to identify any specific individual, whether medical professional or prison official. A single reference to a purportedly "malicious doctor" is not enough to state a claim. *Rizzo,* 423 U.S. at 373-75.

Next, liberally construing the complaint, and for screening purposes only, Plaintiff's inability to focus and concentrate amounts to "the presence of a medical condition that significantly affects an individual's daily activities," (*Lopez*, 203 F.3d at 1131), and is a serious medical need, meeting the first objective prong of the deliberate indifference test. However, Plaintiff cannot meet the second subjective prong of the deliberate indifference test. He makes no

showing that a prison official knew Plaintiff faced a substantial risk of serious harm and that the prison official disregarded the risk by failing to take reasonable measures to abate it. It is clear from his allegations that Plaintiff's claim solely concerns his disagreement with the "malicious doctor" who allegedly refused to prescribe Plaintiff Adderall. A prisoner's mere disagreement with his treating doctor's chosen course of treatment, however, does not give rise to a claim under section 1983. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122-23; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see also Baylis v. Taylor*, 475 F.Supp.2d 484, 486-87, 489 (D. Del. 2007) (holding that termination of prescription of Ritalin to treat attention deficit disorder because the facility did not recognize that disorder constituted a disagreement over proper treatment rather than deliberate indifference to a serious medical need); *Zoukis v. Wilson*, No. 1:14cv1041 (LMB/IDD), 2015 WL 4064682, at *8 (E.D. Va. July 2, 2015) ("Plaintiff's argument essentially consists of a disagreement with [federal] officials about his preferred method of ADHD treatment. Such an argument does not implicate the Eighth Amendment"). Therefore, the mere disagreement between an unidentified physician and Plaintiff regarding a prescription medication does not support a claim for relief.

In sum, Plaintiff has failed to state a cognizable deliberate indifference to serious medical needs claim against any named Defendant. Further, the Court finds amendment would be futile. *Hartmann*, 707 F.3d at 1130.

### C.  Plaintiff's "Additional Pages"

At pages 19 through 27, Plaintiff purports to provide "additional pages." The Court has reviewed this material and determined it does not change the analysis above or does not make sense.

### D.  Summary of this Court's Findings

The Court has determined that Plaintiff has failed to assert any cognizable claim against any named Defendant. Further, as to all eight claims asserted, the Court finds granting Plaintiff leave to amend would be futile.

//

1

## V.     ORDER AND FINDINGS AND RECOMMENDATIONS

2          Based on the foregoing, **IT IS HEREBY ORDERED** that the Clerk of the Court

3    randomly assign a district judge to this action. Further, **IT IS HEREBY RECOMMENDED** that

4    Plaintiff's first amended complaint be dismissed without leave to amend for its failure to state a

5    cognizable claim upon which relief can be granted.

6          These Findings and Recommendations will be submitted to the district judge assigned to

7    this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

8    Findings and Recommendations, a party may file written objections with the Court. The

9    document should be captioned, "Objections to Magistrate Judge's Findings and

10   Recommendations." Failure to file objections within the specified time may result in waiver of

11   rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

12   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14   IT IS SO ORDERED.

15   Dated:   **May 2, 2023**                          */s/ Sheila K. Oberto*

16                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

23